ABEL, Respondent, vs. DEPARTMENT OF TAXATION, Appellant.

LOTZ, Respondent, vs. SAME, Appellant.

*October 13—November 10, 1942.*

For the appellant there was a brief by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and oral argument by *Mr. Persons.*

For the respondents the cause was submitted on the brief of *E. P. Gorman* of Wausau.

FOWLER, J. The plaintiffs were partners engaged in highway construction. In the year 1936 they were engaged on two separate jobs, one at Merrill, and one known as the Neenah overhead. The Merrill job was completed in that year at a profit and each partner paid a tax on his share of that profit. The Neenah overhead was not completed until 1937, and on that job the plaintiffs sustained a loss. On the part of the work completed during the first year the taxpayer would have had a profit, if the contract had covered that work only. That is, at the contract rate of payment for work completed during that year, the price received exceeded the cost to the contractor. But the losses on the remainder of the work overcame the excess of payments over cost during the first year.

On a field audit made by the department it was found that 86.9423 per cent of the Neenah overhead was completed in 1936. The department computed a profit on this part of the work and imposed an additional income tax on the profit thus computed. But to justify an income tax from the avails of a construction job there must be an income as a result of that job. Where there is no profit there is no income and when there is no income there can be no income tax.

The department seeks to justify the tax on the consideration that sometimes the taxpayer gains by the method used by the department. Thus, if on the instant job the taxpayers had made a profit of $50,000, and one half of the gain on the department's theory accrued during the first year, and the other half during the second year, the taxpayers would have paid less tax on the two $25,000 gains than on one $50,000 gain through the lower rates at which the two lower profits would have been computed. But this cannot be done for the simple and compelling reason that where there is no profit there is no income on which to base an income tax.

The department seeks to apply the rules of *State ex rel. Waldheim & Co. v. Tax Comm.* 187 Wis. 539, 204 N. W. 481, and *Wisconsin Ornamental I. & B. Co. v. Tax Comm.*

202 Wis. 355, 229 N. W. 646, 233 N. W. 72. But a rule that may reasonably be applied to a mercantile business having a multitude of completed sales on which instalments of the sale price are not due, on which the ultimate profit is capable of computation, or to a large and widely extended business in manufacturing and installing ornamental fixtures wherein many separate contracts involving an aggregate of $378,000 were incompleted but individual items were completed so that ultimate total profits and the proportion earned were capable of computation to reasonable certainty, may not be applied to an unfinished construction contract, the ultimate profit or loss on which depends upon hidden hazards incapable of ascertainment, such as was the instant contract.

*By the Court.*—The orders of the circuit court are affirmed.